UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TAYARI SHANTRIA PARKER**                                  **CIVIL ACTION**

**VERSUS**                                                              **NO. 24-2730**

**THE JAMES A GRAHAM LAW FIRM, LLC,**            **SECTION: "P" (1)**
**ET AL.**

## ORDER AND REASONS

Before the Court is the Motion to File Civil Action and Supporting Memorandum Under Seal filed by Plaintiff, Tayari Shantria Parker. For the following reasons, the Motion is **DENIED**, with the right to be re-urged as instructed below.

## LAW AND ANALYSIS

The Fifth Circuit has advised that "[t]o decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[1] "[T]he working presumption is that judicial records should not be sealed. . . . And, to the extent that any sealing is necessary, it must be congruent to the need."[2] "Although countervailing interests can outweigh the right of public access, the party seeking to overcome the presumption of access bears the burden to show that the interest in secrecy outweighs the presumption."[3] Thus, while there is a presumption of public access to judicial records, court have recognized that this access is not absolute.[4]

---

[1] *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022) (internal quotations omitted).
[2] *Id.* (internal quotations omitted).
[3] *Shell Offshore, Inc. v. Eni Petroleum US LLC*, No. 16-15537, 2017 WL 4226153, at *1 (E.D. La. Sept. 22, 2017) (quoting *Liljeberg Enters. Int'l, LLC v. Vista Hosp. of Baton Rouge, Inc.*, No. 04-2780, 2005 WL 1309158, at *1 (E.D. La. May 19, 2005)).
[4] *See, e.g.*, *Thomas v. Strack*, No. 22-170, 2023 WL 11857671, at *1 (S.D. Tex. Nov. 27, 2023) (permitting plaintiff to redact medical information in memorandum); *Kelley v. Garland*, No. 21-15, 2024 WL 4045773, at *4 (N.D. Tex. Aug. 20, 2024) (permitting sealing of exhibits containing plaintiff's confidential medical information); *McCoy v. Kuku*, No. 17-275, 2019 WL 3281176, at *6 (S.D. Tex. July 19, 2019) (granting motion to seal motion and exhibits containing plaintiff's confidential medical information).

Plaintiff requests to seal the entire record in this case, including Plaintiff's initial filings and accompanying exhibits. Plaintiff contends the record and initial filings contain confidential, sensitive medical information. However, the Court finds that neither Plaintiff's Civil Complaint nor Memorandum in Support of Civil Action contains sensitive medical information. Moreover, Plaintiff has not submitted to the Court any of the exhibits referenced in Plaintiff's Motion and the Court is, therefore, unable to determine whether those exhibits contain sensitive medical information that should be filed under seal. Thus, the Court does not find it appropriate to seal the entire record or any of the documents that Plaintiff has initially submitted.

The Court notes that the Local Civil Rules of this Court provide that "[w]hen a *pro se* party who is not an electronic filer wishes to manually file a document under seal, the *pro se* party must file a Motion to File Under Seal and submit the document to the clerk's office securely sealed with the envelope clearly labeled 'UNDER SEAL.' The case number, case caption, reference to any statute, rule or order permitting the item to be sealed and a non-confidential descriptive title of the document must also be noted on the envelope."[5] The Court also notes that the Pro Se Unit is available to provide procedural assistance to *pro se* litigants appearing in the Eastern District of Louisiana and may be contacted by calling (504) 589-7751.[6]

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to File Civil Action and Supporting Memorandum Under Seal is **DENIED**, with the right to be re-urged as instructed herein.

---

[5] *See* Eastern District of Louisiana Civil Rule 5.6(H).
[6] *Pro Se Unit*, EASTERN DISTRICT OF LOUISIANA, https://www.laed.uscourts.gov/pro-se/pro-se-unit (last visited Nov. 26, 2024).

New Orleans, Louisiana, this 26th day of November 2024.

------------------------------------------
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**