UNI UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| T.P. | CIVIL ACTION |
| VERSUS | NO. 24-CV-2730 |
| THE JAMES GRAHAM LAW FIRM, LLC, AND ELIZABETH MARIE CROCKER DECKER | SECTION: "P"(1) |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff, proceeding under the initials T.P.,[1] filed the above-captioned matter in this Court in which she asserts a claims for legal malpractice, breach of contract, negligence, and misrepresentation and fraud against The James Graham Law Firm, LLC, and attorney Elizabeth Marie Crocker Decker. Because there is no basis for federal jurisdiction over her claims, it is RECOMMENDED that this lawsuit be DISMISSED for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiff filed this lawsuit on November 21, 2024. She alleges that she retained the defendants to represent her in connection with a Social Security Insurance hearing, but that they failed to retrieve critical medical records and failed to access medical records available through the Social Security Administration database in a timely manner. She asserts claims for legal malpractice, breach of contract, and negligence. In a memorandum in support of her complaint, she also purports to assert claims for misrepresentation and fraud, breach of the Louisiana Rules of Professional Conduct, and failure to comply with the Social Security Act guidelines.

---

[1] On December 27, 2024, the District Judge ordered that plaintiff would be referred to by her initials T.P. to protect her identity. (Rec. Doc. 10).

1

When plaintiff filed her complaint, she also filed a motion for leave to proceed in forma pauperis. On December 3, 2024, the Court granted her leave to proceed in forma pauperis, but ordered that summons be withheld and that plaintiff show cause by January 3, 2025, why this case should not be summarily dismissed for lack of subject-matter jurisdiction under 28 U.S.C. § 1915(e)(2)(B).

In response to the Court's order, the plaintiff filed an "Amended Memorandum in Support of Civil Action with Exhibits." She also filed a document titled "Motion to Show Cause." She concedes that the plaintiff and defendants are citizens of the same state. But she argues that because the amount in controversy exceeds $75,000 and her claims are serious, the Court should nonetheless exercise diversity jurisdiction under 28 U.S.C. § 1332.

## Law and Analysis

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
> \* \* \*
>    (B) the action or appeal –
>    (i) is frivolous or malicious;
>    (ii) fails to state a claim on which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A claim is "frivolous" where it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989)

Furthermore, federal courts are courts of limited jurisdiction. "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir.1995) (quoting Fed. R. Civ. P. 12(h)(3)).

In the Complaint, Plaintiff invokes both federal-question jurisdiction under 28 U.S.C. §1331 and diversity jurisdiction under 28 U.S.C. § 1332. As to federal-question jurisdiction, plaintiff has not stated any federal claims. Plaintiff's claims for legal malpractice, breach of contract, negligence, and misrepresentation and fraud arise under state law. None of her claims are based on federal law. Plaintiff invokes the Social Security guidelines. The defendants' alleged failure to comply with these federal guidelines and regulations may bear on whether they are liable for legal malpractice, but they do not give rise to an independent enforcement action under federal law. Accordingly, on the face of the complaint, there is no federal-question jurisdiction under 28 U.S.C. § 1331.

Section 1332 provides this Court with original jurisdiction over civil actions where (1) the amount in controversy exceeds $75,000, **and** (2) the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). "The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000." Garcia v. Koch Oil Co. of Texas Inc., 351 F.3d 636, 638 (5th Cir. 2003). To meet the diversity of citizenship requirement, diversity must be complete; the citizenship of all of the plaintiffs must be different from the citizenship of all of the defendants. Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am., 841 F.2d 1254, 1258-59 (5th Cir. 1988); Aetna Cas. &

Surety Co. v. Hillman, 796 F.2d 770, 773 (5th Cir. 1986). "When jurisdiction depends on citizenship, citizenship should be 'distinctly and affirmatively alleged.'" McGovern, 511 F.2d at 654 (quoting 2A Moore's Federal Practice ¶ 8.10, at 1662); see also Powell v. Abney, 83 F.R.D. 482, 487 (S.D. Tex. 1979) ("In invoking diversity jurisdiction, the plaintiff's complaint must specifically allege each party's citizenship and these allegations must show that the plaintiff and defendant are citizens of different states."). Failure to adequately allege the basis for diversity jurisdiction mandates dismissal. Patterson v. Patterson, 808 F.2d 357, 357 (5th Cir.1986); McGovern, 511 F.2d at 654.

Plaintiff argues that the amount in controversy exceeds $75,000, because her actual damages are $61,132, and growing and because she seeks compensatory damages for financial, emotional, and personal distress in the amount of $500,000. She notes that punitive damages may further increase the amount in controversy. For purposes of this recommendation, the Court assumes that the amount in controversy requirement has been met. However, plaintiff must also meet the diversity of citizenship requirement.

Based on the allegations in the Complaint, both plaintiff and defendants appear to be Louisiana citizens.[2] Plaintiff concedes that all parties are Louisiana citizens. Accordingly, plaintiff cannot satisfy her burden to show that complete diversity exists. This prevents the Court from asserting diversity jurisdiction over the matter under 28 U.S.C. § 1332.

The Court lacks subject matter jurisdiction over plaintiff's Complaint. Accordingly,

**IT IS RECOMMENDED** that this lawsuit be DISMISSED for lack of subject-matter jurisdiction, without prejudice to the filing of plaintiff's claims in the appropriate state forum.

---

[2] Plaintiff alleges that defendant The James Graham Law Firm, LLC, is a professional legal corporation with its principal office in New Orleans, Louisiana. She alleges that defendant Crocker resides and works in the Eastern District of Louisiana. Plaintiff provides an address in New Orleans, Louisiana, for both defendants.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 13th day of January, 2025.

_____
Janis van Meerveld
United States Magistrate Judge